**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DALE L. DENSMORE, Jr.

        Petitioner,

v.                                    CASE NO. 05-CV-71785-DT
                                      HONORABLE GEORGE CARAM STEEH

WARDEN BURT,

        Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEAL PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Before the Court is petitioner's *pro se* habeas corpus petition filed under 28 U.S.C. § 2254. By his own admission, petitioner has previously filed a petition for a writ of habeas corpus challenging his 1977 conviction out of the Jackson County Circuit Court for first-degree murder. The first petition was dismissed by this Court. *Densmore v. Grayson,* U.S.D.C. 93-CV-70385-DT (E.D. Mich. February 24, 1995)(Edmunds, J.); *appeal dism.* U.S.C.A. 95-1283 (6th Cir. May 11, 1995); *cert. den.* 516 U.S. 919 (1995). Petitioner then attempted to file a second habeas petition with the U.S. District Court for the Western District of Michigan, in which he challenged the same conviction. This petition was transferred to the United States Court of Appeals for the Sixth Circuit for a certificate of authorization to file a second habeas petition. *Densmore v. Abshire,* 97-CV-700421 (W.D. Mich. May 29,

1

1997)(McKeague, J.).    The Sixth Circuit denied petitioner a certificate of authorization to file this petition. *In Re Densmore,* U.S.C.A. 97-0169 (6th Cir. September 18, 1997). [1]   For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of

---

[1] This Court obtained this information from the PACER system, which this Court is entitled to take judicial notice of. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner indicates that the merits of his prior habeas petition were never ruled upon, because Judge Edmunds denied petitioner habeas relief on the ground that he had failed to establish cause to excuse his procedural default. However, because petitioner's first § 2254 application was dismissed for unexcused procedural default, this would be considered a ruling on the merits. *In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000). This current habeas petition would therefore be a second or successive petition for a writ of habeas corpus and petitioner would be required to obtain a certificate of authorization from the Sixth Circuit before he could proceed in this Court with his petition for a writ of habeas corpus. *Id.* Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp.

145, 146 (E.D. Mich. 1996)(Rosen, J.). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-191 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 11, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk